**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-40371

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD LOFTIN,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
(1:96-CR-46-1)

May 7, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Reginald Loftin appeals his conditional guilty-plea conviction for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846. We affirm.

Loftin first argues that the district court erroneously failed

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to suppress statements that he made following his arrest because his arrest was invalid. He contends that his arrest was invalid because the police lacked the power under state law to rearrest him on a valid outstanding warrant for another crime for which he had already posted bail. We need not decide Loftin's argument, however, because we can affirm the district court's judgment on any alternative basis supported by the record. *See Sojouner T. v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992). In *Alabama v. White*, 496 U.S. 325, 332, 110 S. Ct. 2412, 2417, 110 L.Ed.2d 301 (1990), the Supreme Court held that probable cause to arrest may be established by a sufficiently detailed prediction of a defendant's future behavior by an informant because "it demonstrate[s] inside information))a special familiarity with respondent's affairs." *Id.; see also United States v. Wangler*, 987 F.2d 228, 229 (5th Cir. 1993) (finding probable cause where an informant told police that the defendant would be delivering a shipment of cocaine to a particular place in a particular car); *but see United States v. Roch*, 5 F.3d 894, 897 (5th Cir. 1993) (finding no probable cause where informant's statements were not sufficiently detailed). The record clearly shows that the police had probable cause to arrest Loftin. The day before the police arrested Loftin, they received a call from an anonymous informant who had previously proven reliable. The informant told the police that Loftin and another African-American male would be traveling through Newton County

transporting a load of cocaine base at approximately 12:00 p.m. the next day on Highway 87 from Orange, Texas. The informant further stated that Loftin would be driving a small, blue rental car, that another car would be following closely behind him, and that the cocaine base would be hidden in the second car. The police were familiar with Loftin's name because they had previously arrested him for possession of crack cocaine. When police detected Loftin traveling at the stated time and place, they also visually identified him from a photograph before pulling his car over. Because the information that the informant provided police in this case was at least as detailed as that found to be sufficient in *White* and *Wangler*, we find that the police had probable cause to arrest Loftin. Accordingly, the district court did not err in refusing to suppress Loftin's post-arrest statements.

Loftin also argues that the district court erred in finding that he lacked standing to contest the search of the second car, being driven by his codefendant, Andre Teal. We have reviewed the record and the parties' briefs. We affirm the district court's denial of this argument for the reasons stated in the district court's order. *See United States v. Loftin*, No. 1:96-CR-46(1) (E.D. Tex. Sept. 6, 1996).

Loftin further argues that his guilty plea was not knowingly and voluntarily made inasmuch as the district court, in advising him of the nature of the charge, referred to the original

indictment as opposed to the superseding indictment.  Although the district court initially referred to the initial indictment, the government promptly advised the court that a superseding indictment had been issued. The district court thereafter read the superseding indictment, and the government recited the factual basis supporting the charges in the superseding indictment.  Based upon these facts and our review of the sentencing hearing, we find Loftin's argument to be utterly meritless.  *See United States v. Johnson*, 1 F.3d 296, 302 (5th Cir. 1993) (en banc).

Finally, Loftin argues that his counsel was ineffective for advising him not to disclose his past drug activities during the presentence interview.  He avers that this advice resulted in the district court's application of the obstruction-of-justice sentence enhancement and its denial of a reduction for acceptance of responsibility.  Even assuming, *arguendo*, that Loftin's trial counsel advised him erroneously, the record reveals that Loftin attempted to persuade his codefendant Teal to take full responsibility for the drugs and that he asked a person whom he referred to as "his girl" to find another person who would claim that the drugs were theirs. The district court accordingly did not err in its imposition of the obstruction-of-justice sentence enhancement and its denial of a reduction for acceptance of responsibility. *See United States v. Pofahl*, 990 F.2d 1456, 1481-82 & n.28 (5th Cir. 1993) (affirming obstruction of justice sentence

-4-

enhancement where defendant sent letter to her husband urging him not to cooperate with authorities).  Accordingly, Loftin has failed to demonstrate the prejudice necessary to establish ineffective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

For the foregoing reasons, the judgment of the district court is AFFIRMED.